## STATE v. ROBERT EDWARD LEE.

214 N. W. 2d 345.

January 18, 1974—No. 44124.

*C. Paul Jones,* State Public Defender, and *Mark W. Peterson,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Jonathan H. Morgan,* Solicitor General, and *Robert F. Carolan,* Special Assistant Attorney General, for respondent.

PER CURIAM.

Defendant, convicted of burglary, Minn. St. 609.58, subd. 2(3), contends on this appeal from judgment of conviction that (1) the trial court erred in admitting into evidence a confession he made to police, and (2) in any event the evidence was, as a matter of law, insufficient to sustain the conviction. We affirm.

At 11 p. m. on June 1, 1972, two officers of the Rochester Police Department responded to a call from the police dispatcher informing them that a silent alarm at the nearby Dieter Paper and Marine Supply Com-

pany had been activated. At the scene, one of the officers discovered an unlocked rear door and, moments later, confronted defendant and another man, later identified as Richard Wiler, both of whom attempted to flee. This policeman apprehended Wiler but was unable to apprehend defendant. However, another officer, newly arrived on the scene, spotted defendant as he was leaving through another door, gave chase, and apprehended him. Subsequent investigation by police revealed that the front door of the building was ajar and that the rear door on the loading dock was off its track and a panel from it had been removed.

At the police station a detective informed defendant that he was under arrest for burglary and advised him, pursuant to Miranda, of his constitutional rights. Defendant indicated that he understood these rights and stated that he wanted to talk. This officer testified that defendant then proceeded to admit, in response to questions, that he and Wiler had entered the building in question intending to take property therefrom. Following this admission, the defendant signed a written statement acknowledging that he had received a Miranda warning, that he understood his rights, and that he wished to talk with police. Then, on the afternoon of June 2, 1972, he signed a copy of his statement, transcribed from a tape recording, after crossing out one sentence.

The circumstantial evidence here, standing alone would be sufficient to justify a conviction for burglary. However, the court which heard the case without a jury also had defendant's confession that he and his companion entered the building with intent to steal. The state clearly met its burden of proof on the issue of the admissibility of this confession and the trial court did not err in admitting it.

Affirmed.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at at the time of the submission, took no part in the consideration or decision of this case.